Good morning Illinois appellate court first district court is now in session the second division the honorable justice Nathaniel house presiding case number two three dash zero one eight three people versus James Marshall. Good morning my name is Nathaniel house I'm a judge of the appellate court and presiding over this case with me uh justices Margaret McBride and Cynthia Cobb this case is being heard via zoom. We're going to proceed as follows this morning we're going to allow each side to have approximately 10 minutes of uninterrupted presentation after which we will ask questions I'll give you a signal when you've got about two minutes left after we ask questions the appellate will be given a chance to make a short rebuttal and there may be additional questions and after that we'll take the case under advisement who is representing the appellant I am your honor assistant special states attorney Alan Spellberg and who's representing the appellee good morning your honor William Jones for James Marshall and for the record James Marshall is in the office with me okay do either of you have any uh questions about the procedure we're going to follow today no your honor okay all right with that then we can proceed uh Mr. Spellberg you may proceed when you're ready thank you your honor may it please the court counsel um first I would just like to state that as you are probably aware no reply brief was filed in this case um due to some personal and professional issues I was unable to get one done in time and Mr. Jones had offered to not object to an extended motion but due to some other issues and a determination that we believe the opening brief was adequate to present our claims we did not file one but with that clarification just wanted to say that our position is very clear that the order of the trial court granting the motion to suppress statements should be reversed because the trial court in this case failed to exercise any discretion when it allowed the defendants exhibits to be admitted without any consideration of the people's motion and lemonade the extensive motion that was filed before the beginning of the motion to suppress statements that the court repeatedly mentioned was going to review was going to address was going to assess it every time the issue came up every time the objection was raised by the prosecution and then ultimately the court determined that all of the exhibits would be admitted no explanation was given no further discussion of the exacting nature the standard for the admission of pattern and practice evidence the exacting nature of impeachment evidence that should be admitted none of that was presented by the trial court and so for that reason it is our position the trial court advocated its responsibility and failed to exercise any discretion when it admitted all that evidence but of course we recognize that this court might disagree and find that the trial court did it was a clear abuse of that discretion because under the case law from the illinois supreme court pattern and practice evidence must be addressing the same officers who are accused to have committed the misconduct in the case and it must be addressing a similar a very not strikingly similar we understand that but a similar type of conduct and as we explain in our brief and as we that are in the pattern and practice evidence proffered by the defense established that any of the detectives that were involved in the interrogation of defendant amounted to a pattern and practice of abuse and misconduct notably detective villingham who the defendant himself said was the lead detective in terms of the abuse there is not a single exhibit demonstrating demonstrating any basis of a pattern and practice of abuse by detective villingham but even on top of that the other detectives also that there's nothing similar about any of the allegations that were presented in which the trial court admitted under the law similarly the impeachment evidence consisted almost entirely of allegations that were made in lawsuits where the detectives were were one of several defendants in the cases where there was no finding ever entered by any court instead the matter was settled typically by the city without any notice to the individual detectives but more importantly no finding of any misconduct by any of those detectives and under the case law is very clear that a settlement without a finding of misconduct without anything that is not an impeachment it can't be used for impeaching the testimony of the detective finally i would note that none of the detectives in this case received any professional discipline from any of the allegations that were occurred in any of these exhibits it again showing that there is not the sufficient factual basis to amount for the basis of impeachment and then our last point is that based upon this improper admission of pattern practice and impeachment evidence the trial court's credibility findings became distorted the trial court was relying upon improper evidence to assess the credibility of the witnesses most importantly former assistant state attorney john dillon who took the court reported statement who testified to the to the manner which the court reported statement the defendant gave in what occurred at that time and how the defendant did not make any complaints of any abuse of any sort at that time involuntarily gave a statement which was which was recorded by the court reporter at that moment the trial court rejected his testimony as not being credible for two reasons one is because he stated that he was did not know what the goldstone report was and two that he it was and didn't know about the justice egan's reports regarding the special prosecutor from the birch matters and then two that he had been sued in the jackie montanez and serrano montanez cases and that showed that his ability to assess a defendant's um voluntariness was somehow impacted but those were wrong based upon the exhibits themselves that were presented by the defendant in the uh the goldstone report and the justice egan report those came out long after mr dillon was no longer in felony review and there's no indication that in his career as an assistant state attorney which he retired in 2014 eight years before this hearing occurred would have any interaction with those issues um not every assistant state attorney was involved in the john birch cases and after 2002 when justice egan was appointed as the special prosecutor no assistant state attorneys were involved in those cases and so the the basis for rejecting uh mr dillon's testimony because he wasn't familiar with the goldstone report isn't borne out by the facts of the case itself similarly the jackie montanez case where he uh took a statement but the statement was ultimately uh suppressed by the illinois appellate court because the judges excuse me the appellate court ruled that the detectives at that time had kept ms montanez's mother from seeing her daughter who was a juvenile at the time the appellate court ruled that mr dillon was not aware that the that the mother was there and that the police had kept her away the fact that ms montanez's mother said that jackie montanez appeared to be uh bulging eyes and and on some sort of uh drugs or in or intoxication was rejected by the trial judge in that motion of suppress was rejected by the jury in that case and was not accepted by the appellate court when it vacated her conviction likewise the serrano matinez case yes john dillon testified that he was sued in that matter and that the trial court denied the district court excuse me federal court denied the motion for summary judgment but expressly stated in that case that the evidence of mr dillon's involvement in the interrogation which mr dillon denied he was involved at all was very weak but was not enough to overcome the presumption that applies to uh summary judgment litigation that you have to accept all well-pled facts as true and since that was a resolved by trial so as we state in our brief nothing about the credibility findings in particular about mr dillon were in any way subject to actual challenge thank you your honor uh subject to actual challenge and yet the trial court relied upon them by having a misrecollection of what the evidence actually was and so for these reasons and those stated in our brief we would ask this and remand the matter for a new hearing on the motion to suppress or to reverse and allow us to go forward to trial with the statement itself thank you thank you um any questions i i have one justice house if you if you would um it's a pretty broad statement to say that the trial court exercised absolutely no discretion um when i read uh some of what the trial court's reasoning was in ruling trial judge expressly states um that some of the pattern and practice related specifically to the detectives involved wouldn't that suggest that the court had in fact reviewed um some or all of the exhibits uh that's that statement would seem to be contrary to what you are asserting here on appeal thank you yes the the trial court did ultimately state that some of them but she also stated at that same point that all of the exhibits would be admitted and she would disregard or discount those that she didn't think were relevant and apply to wait and the significance of that statement shows that she was considering all of the exhibits as evidence which is not consistent with what the case law says regarding pattern and practice evidence is that it is supposed to be an exacting standard before it comes in and that's significant and we cite the case in our in our brief people versus walker where the supreme court reversed a conviction because the trial judge mechanic mechanic excuse me in a mechanistic manner uh denied a motion for a continuance the judge said this is how i do things this is what's going on considered what the defendant was saying and yet still rejected the defendant's motion for continuance it's our position here your honor that in this case where the judge simply says i'm going to let it all in some of it may be relevant is not a proper analysis that that is expected by trial judges when addressing these very significant issues but she the trial judge does indicate that it reviewed all of the exhibits does it did it not i believe finally at the end of this six or seven month hearing the judge says that there were volumes of information to be reviewed um i'm not sure if the judge ever actually said that she had gone through and i would say your honor that given the fact that many of these exhibits are blatantly irrelevant i mean some of them involve lawsuits against other detectives who are not who are not involved in this case at all um that which the fact that those weren't excluded would show that um it wasn't a proper analysis taken up by the judge so just one final thing so it is your position that um and i think you use the word exacting and i don't disagree with that it is your position that the trial judge um in order to demonstrate an exercise of discretion needed to have parsed out uh for the record what had been reviewed and would be admissible and what would not is that accurate certainly that would be the best i'm not going to say that that is explicitly what's required the supreme court has said that you can never actually mandate specific findings by a trial judge in any particular scenario but what it has also said and in the walker case it makes us clear that when there is a a test to be applied the judge should indicate some sort of demonstration of what that it's in in a group of exhibits or something but we don't have any of that here what we have is repeated statements over the course of seven months she would get to it she would get to it and then finally i've decided it's all going to come in um that that's that's the problem and i know it's unusual for the prosecution to be saying that they've been deprived of a fair proceeding but that that is our position here in that we were entitled to know what the evidence that was going to be considered by the prior effect that this motion to suppress was and we we weren't given that opportunity thank you mrs velberg uh i have a couple of questions did the did the state forfeit this particular claim because the attorneys both sides finally capitulated and said fine we don't need a ruling your honor i don't believe we have and i know that at the very outset of the hearing the judge places on the record that she'd spoken with the attorneys off the record and that there was agreement that because of the nature of the motion eliminating the the numbers of exhibits to be considered she would begin the process with the understanding that um objections could be made and that they would be addressed later and then as you see throughout the course of the hearing objections were repeatedly made by the prosecution and every time the answer was they've said i will get to this and so and even at the at the final closing arguments it was pointed out that the objections were still there so i don't believe you can say that we have capitulated um what i would say is that we were faced with a judge who was wanted to proceed and we were willing to proceed and we had to address the judge there while also preserving our rights if the judge would you say that and i'll ask opposing counsel mr jones this question as well when the judge said i'm admitting everything and what is appropriate i will consider and what should be disregarded i will not consider would you say that's a fair summary of her ruling yes yes your honor i believe that is almost word for word as to what she said okay now how many of these exhibits were there that you're complaining about was it 32 i think that that's the number yes it was in our motion eliminate i believe it was yes okay but aren't some of these actual lawsuits i know you're objecting to the use of a lawsuit a civil suit where a settlement is made without any binding of accountability of a particular defendant but weren't some of these of the exhibits you're complaining about weren't they lawsuits that involve some of the named officers yes they were your honor but that's why the jackson case is so significant these lawsuits were lawsuits filed against multiple detectives the the specific allegations of abuse in all of these lawsuits involved detectives who were not involved in this case instead there were allegations like in the gibson case comes to mind detectives p-tech and taylor were talking to witnesses and transporting witnesses there was no allegation in those cases that they in any way abused mr gibson and how are you parsing that out from the you from the document itself from the document itself yes okay which is the basis of the impeachment well all right so you think that jackson precludes the use of civil suits filed against an officer where there there's a settlement but there's no finding that a particular officer was accountable so to speak yes your honor i believe that's exactly what it says and it it in nelson which says that as well all right and then i want to go to the uh the montanez case is it your reading of that appellate decision that the appellate court specifically said that the assistant state's attorney dylan was not aware that the police officers had precluded the defendant's mother from seeing her while the mother and she was a juvenile and the mother was stationed yes your honor that is my recollection i don't have the citation precisely in front of me but i can look for it and get back to you with that rebuttal yeah all right well i i don't need that i just wanted to know you did mention it okay then i wanted to ask you about the serrano case uh you're saying that mr dylan had no participation in that case or correct me what what are you saying about that mr dylan testified when he was cross-examined about the serrano case that he was never involved in that matter um and that was what he had the position that was taken in front of the federal district court as well the exhibits bear this out and the trial the federal district court judge recognized that that was the position but that there was one witness who said that who mentioned him and the federal district court said this is a credibility question and so therefore i cannot rule on this on a matter of summary judgment but it is incredibly weak evidence to support the claim of any involvement but it was enough to survive summary judgment well was the serrano case ever the subject of an illinois appellate decision or was it a procedure a civil suit in federal court the exhibit in this matter involves a civil suit from federal court there were there was litigation of serrano in the illinois appellate court it did not mention john dylan to my recollection at all all right and then lastly um in the direct appeal was the sole evidence presented against the defendant the statement uh it was not the sole evidence there was also obviously the uh physical evidence regarding the uh the cattle that was found there was some other evidence regarding i believe some some circumstantial evidence of witnesses who had maybe seen him in the alley around the tank um but obviously the statement itself was the key piece of evidence well was there any testimony from the pathologist regarding the i thought this was a strangulation case it was your honor yes what well i'm not sure i understand but was there any correlating testimony about the paddle and strangulation i i believe there was your honor admittedly i'm sorry i didn't go back and that's all i have at this time thank you okay i have a couple of questions um you know when we talk about credibility and impeachment is is when a court makes a credibility finding that's in that different than saying somebody's been impeached they can the court can look at other evidence and look at what a witness has said and while not necessarily being contradicted can say well based on what i see here the credibility is not too good is it in there a difference between credibility and finding impeachment i agree that they're not the same thing but i i think that they are definitely connected well the way one challenges a witness's credibility is through impeachment and if the attempted impeachment is improper then it's our position that the credibility finding by the judge who relied upon that improper impeachment is inappropriate well here's what i'm saying you mentioned dylan now dylan says that he testified oh nothing happened to this defendant ain't nothing ever nobody did anything to this defendant and he goes earlier he testifies in my 30 years as a state's attorney i never heard of any defendant who's been abused yeah no let me finish my question no sure thank you i'm just laying a premise case after case in that building where dylan worked courts have found abuse now does it go to the weight of his testimony and credibility his credibility when 70 at least 70 proven cases of physical abuse took place and he says i'm in my 30 years i don't know nothing about it your honor thank you you're right something it would go to credibility but i would just want to clarify what john dylan testified to me he testified that he had never and therefore all 32 exhibits let me let me go let me add something else and then you go ahead i'm sorry to interrupt you all 30 32 should be admitted because the evidence of abuse is so pervasive any lawyer who goes in and says they don't know about it is not credible your honor and i understand the point you make and i have two points to respond to one is that mr dylan didn't say that he had never heard of any abuse what he said was that he had never had a defendant in a case that he worked on either in felony review or um in the trial division but that's the point 70 other people said it including 71 this one i'm sorry 70 of the people said yes saying that they were abused and this 71 says it was him and there are 70 other cases where it was proven he said i didn't know anything about it i mean he was not your honor he was not an attorney on those cases and that's what that's the question that he was answering um and so the other point i would make is that even the the justice egan's report from the special prosecutor even the patterson case have recognized that despite the pervasive nature that occurred in first in area two and then in area three not every defendant not every interrogation in those uh police stations involved physical abuse not everyone fell under the the torture notion that we saw under the the john birch regime in area two and so that's why each case must be reviewed individually for the facts of each case not not that you know not that it can't happen but in this case the evidence shows that it didn't happen your honor that's our position now you say these other reports these 32 exhibits may be totally irrelevant in order for us to reverse don't we have to find some prejudice what is the prejudice here of these totally irrelevant your honor i believe our the prejudice is established by the trial judge relying on this irrelevant evidence as we the cases we said in our brief the people versus lopez case is a decision where improper other crimes evidence was admitted by the judge and considered by the trial fact and that that was deemed to be prejudicial just by the nature of people versus nailer was an example of it's deemed to be prejudicial just by its nature here where the evidence should not have been is our position when the trier fact considered it you can't separate out the the trial court's decision and so in order to ensure a fair process it's it should be reassessed well these evidence rules were primarily invented back in the day to protect juries from hearing evidence that was not relevant and even today we presume a judge is going to do the right thing and not listen cold evidence for improper purposes absolutely i'm sorry absolutely the rules of evidence do apply differently in jury in in bench trials is understood because we expect our judges to not only understand the law and follow up but then to properly apply it and it's our position here that the the judge here just didn't she didn't engage in the exacting process that the the case law requires and the these are not and i would just add these rules regarding pattern and practice evidence are really directed to the judges there's not so much of a worry about what happens in front of in front of a jury because these come up first in post conviction proceedings typically and then in issues like a motion to suppress we're and those are only being decided by judges and the the supreme court has placed these limitations in order to ensure that the judges are considering only those matters which fall within the scope of the law and not being uh persuaded by the overly emotional nature of pattern and practice evidence but they can also be used as grave credibility yes only in certain instances though and that's what the jackson and the nelson cases say is that not every instance in order to use it in order to impeach for credibility purposes it has to meet certain scenarios that establish a motive or bias in some way and of course we can affirm based on any reason found in the register yes all right so if there's no further questions we would ask this court to reverse um the trial court's ruling thank you any other questions all right mr uh jones you may perceive in your good morning your honors uh may it please the court um i guess let me start uh with the the issue about whether um judge atchison failed to exercise any discretion um it's it's both wrong and and i think frankly offensive to say that um bear in mind that before we uh appeared before judge atchison on the motion to suppress uh this case had been going on since 2017 we had a post-conviction petition uh that we filed uh that was tried in front of uh judge wilson uh he vacated the conviction they went to the this court on appeal and this court affirmed that um based upon this very same evidence that we presented to judge atchison before the hearing started we we filed a brief that was 23 pages long with a 15 page addendum explaining in detail each of the pattern and practice exhibits that we were offering and explaining why they were relevant as uh as you observed some of you observed um many of that pattern and practice evidence involved the very same detectives who mr marshall said beat him on the other the pattern and practice evidence that didn't directly involve these officers involved the same types of conduct hanging people out of a window threatening them with the guns or the very same conduct that mr marshall alleged back in 1988 and 89 that these detectives were involved in uh so judge atchison uh we filed the uh our memorandum the state filed a motion attacking some of those exhibits not all of them um misstating the law as to the standard for the admission of that evidence and i'll get to that in a minute uh judge atchison i think i think sensibly said i've read your motion i've read the memorandum and i'm going to consider that as i hear the evidence uh and the very first witness in the case was mr marshall who then its relevance and uh she said at the end i'm going to read it i'm going to consider it and i'm going to determine uh the weight of of that evidence uh in connection with uh my ruling as to whether this uh the the confession should be suppressed uh when she made a ruling she mentioned only evidence that was unquestionably relevant she mentioned the reeves case the kitchen case the hampton case the clupper bird case and the johnson case and gibson cases and those all involved uh the uh beatings uh and and and concealing evidence by these very same detectives um i think council made a misstatement of the record in connection with the gibson case um mr gibson did allege that uh detective p tech who was one of the detectives mr marshall implicated uh he did say that uh he was beaten by detective p tech and uh those are uh exhibits uh 30a 30b and 30c that were presented to the court and the the sites to the record are in our beliefs um so that she did not fail to exercise discretion she exercised her discretion properly and it was a sensible way to proceed in this case let me also say this um whether there was a pattern and practice of abuse in 1988 at area 3 under the command of john burge is no longer in dispute and in preparing for this i was reading uh the 29 2019 opinion on the jack c jackie wilson case that another division of this court wrote and and the court remarked at paragraph 77 of that opinion and said um the state as represented by the special prosecutors in this case demonstrated a stunning level of denial about the well-established practice of torture made by special prosecutors press predecessors um and the court also noted that the special prosecutors did not grasp that they were bound by the predecessors finding that there was sufficient proof of abusive tactics by burge's subordinates and at least 70 cases and only reluctantly conceded that this was the case these are the same lawyers who we were involved with in this case uh from the special prosecutor's a pattern and practice of abuse under the under john burge at area 3 in 1988 um they also fail to acknowledge that the city of chicago has admitted that torture occurred several times they created a reparations ordinance because of the torture that happened under the command of john burge and they admitted that it happened the state of illinois created the torture inquiry and relief commission why because of the torture that we all know happened under the command of john burge that wasn't an accident this is all um this has all been established uh in 1990 maybe people didn't know that today we do um and this court in uh the opinion affirming judge wilson and vacating the conviction based upon the post-conviction petition we filed uh reviewed the same very same evidence that we're talking about today and found that uh it would very likely change the result of the suppression hearing because it was of unquestionable relevance um again it involved the same officers largely and they follow the same conduct or it included express admissions that there was a pattern and and mr spelberg remarked that uh the supreme court decided jackson after this court decided marshall's case well jackson didn't change the law jackson uh reiterated the proposition that uh relevant evidence of a pattern and practice of abuses is uh is admissible um this court's johnson decision we cited uh which came after jackson um it's uh also said that jackson didn't change the law uh tyler from this court whirl from this court the jake's opinion from this court are all still good law and all established conclusively that this evidence of pattern and practice was indeed relevant and it was proper for judge atchison to admit it and proper for her to consider it um uh the the state cited this court's decision in porter bones um and uh the supreme court decision and nelson those weren't pattern and practice cases uh porter bones involved the question whether the subpoena for disciplinary records should be quashed and dealt solely with cross-examination of the uh uh of the of the officers and nelson was the same uh gist um that isn't our our situation that's not what we're dealing with we're dealing with uh unquestionable pattern and practice evidence involving the same officers and the same conduct at area two and area three under the command of john burge um so uh and uh justice house i guess to get to your point about uh credibility versus impeachment well exactly uh judge atchison heard james marshall and she said i heard him and i believed him when he described the beatings that he uh endured at area area three he she believed the the descriptions of of what he went through for over 24 hours before uh john dylan ever arrived um she also found that uh john dylan was not worthy of belief and when john dylan came to court and he swore to tell the truth and he said he had no involvement in the serrano and montanez cases that was just false that was perjurious um he absolutely did and uh um uh justice mcbride did to answer your question there were four appellate court opinions um that we cited their exhibit 67 and 68 and and the sub letters of those you can read the appellate court opinions you can read the federal district court opinion and draw your own conclusion but it is beyond any doubt that john dylan was involved in that case he interviewed the the most important witness in the case and he along with uh uh officer gubero um created that testimony um so he was not telling the truth there he was not telling the truth with respect to jackie montanez if you read the appellate court opinion in that case um it described what happened that girl was was obviously on drugs and alcohol she misspelled her own name 13 times in the statement she gave she testified about how she uh she was under the influence of alcohol and drugs and barely coherent her mother the appellate court opinion describes her mother's testimony on that score and uh judge atchison uh uh appropriately observed that you know even if you even if um detective dylan didn't lie about uh her condition it it certainly uh draws into question his ability to assess james marshall on november 8th after he had been in the custody of the police officers for for 24 hours uh and when he complained about uh the beatings and uh that he endured um and uh i will also say that uh detective dylan um he denied my time up okay yes i'll take any questions okay questions i have some questions so as far as the judge's ruling um there were 32 exhibits i your position is that every one of them was relevant correct there were there were than 32 your honor okay but there were 32 that the state was questioning was that would that be a fair there i think their motion in limine addressed 32 of the i don't know there were there were probably 80 or 100 exhibits that we identified all right well would you agree or disagree with the summary of the judge's ruling in that she said basically um i'm going to let all of them in at this time those that are relevant i will consider and those that i think are not uh i won't consider would you characterize it kind of like that yeah i think that's i think that's a fair summary and uh when in a ruling she mentioned as i said only reeves kitchen hampton kleppelberg johnson and i think gibson so from that are you saying that because she cited those five cases that she did exercise her discretion yes i mean she she considered the the the evidence that was most relevant and she mentioned that uh in her in her ruling um but i think every piece of evidence was relevant uh that we that we offered i think their objections were wrong uh and um and saying and the state doesn't identify what what what was irrelevant which is the piece of evidence that shouldn't have come in it's just a scattershot approach where they said the judge exercised no discretion because she admitted it all well tell us which one and tell us why it mattered well do could you if you have maybe a case that you think would appropriately show that when a judge says well i'm going to let everything in and then what i don't think was appropriate i won't consider and what was appropriate i will um well i think generally you know the the the law is established um you know from patterson to jackson and all of the cases that uh have construed that as any um uh evidence of similar conduct is admissible and um uh and i i think like as i said before she uh before she made the ruling basically taking their motion under advisement she had read our memorandum and she had read their motion in lemonade uh she had read this court's opinion i presume uh maybe judge judge wilson's opinion and so she had i think been able to make a preliminary assessment that yeah this evidence uh at least arguably involves similar conduct but to do otherwise i don't think is is is imaginable where a judge a busy trial judge uh in cook county is going to um go through each those exhibits before they even heard john mr marshall's testimony and determine whether they're relevant or irrelevant it was a sensible approach um and i think it does comport with uh with the law and in this again the rules of evidence don't apply to a suppression hearing um so um uh you know well would you also say that even if there were some things that weren't considered properly that there was enough there that it wouldn't have amounted to prejudice kind of along the lines of what justice house was saying yeah absolutely i mean this is a this is a slam dunk there there is like i said there is no question that there was a pattern in practice at area three anymore uh the evidence even the evidence that judge atchison expressly mentioned are involved the same officers and involved uh similar conduct so yeah just based upon what she mentioned and based upon what we know uh there was there was more than enough enough evidence to support her ruling all right uh i don't have any other questions i just just a point of clarification uh mr jung joo said earlier there had been um tendered 80 to 100 exhibits what is that so we had we had some subparts um and some of that wasn't pattern and practice evidence some of it was the the court files um so i can't give you a precise number on the pattern and practice exhibits but but there were there were more obviously more than the 32 that the state attacked in their motion to eliminate and there were my estimate would be 80 to 100 but um you know we we cited them and they're in the record so then just of that more than 80 to 100 only 32 of them um really were challenged by the state in their motion to eliminate correct understood thank you all right i have no questions mr spielberg can take a few minutes for rebuttal all right thank you your honor i'll be very brief um first off in regards to the pattern and practice i do just want to say that that i do as does the offices of special states attorney we recognize the horrible history that occurred under john burge at area two and then later in area three and that admit that there was a pattern of horrible behavior that occurred there but that the answer of the question has to be whether or not the there was a pattern in practice it by the detectives who were involved in the interrogation of the defendant in this case and that's where the dispute lies that we do not agree that the exhibits that were presented meet that standard to demonstrate that these detectives the ones who were named in the motion to suppress these detectives are the ones who engage in any pattern of practice it doesn't support that they yes they were assigned to area three at the time but as i said before and as justice egan recognized in every other court since not every detective there was involved in the in the horrible behavior that was occurring not every detective was there and not every case involved it either and so that's just the one statement i want to make the other point i just want to respond to something that counsel stated when he said that the rules of evidence don't suppression hearings that's not correct rules of evidence do apply suppression hearings the only special rule for suppression hearings that hearsay is admissible but otherwise the rules of evidence do apply they are not excluded under rule 1101 as post-conviction matters are and that's an important distinction here too because yes at the earlier post-conviction proceedings before judge wilson much of this evidence came in but the standards for admissibility in post-conviction proceedings are different than emotions for suppress and i would also add that in the evidentiary hearing that occurred before judge wilson it wasn't simply a coerced confession claim that was being presented to judge wilson it was also an actual innocence claim and so the evidence that was being offered there was broader because it applied to a broader scope of of legal claims that were being raised but unless there are any further questions we would say simply that this court should reverse the decision because the trial court did not do its job of applying the law correctly made in made errors and credibility determinations and we would ask this court to carefully look at the exhibits which were challenged to carefully look at the exhibits that were admitted and to see that the trial court's ruling in particular regarding judge assist former assistant state attorney john dylan was not correct did not correctly recall the information and that his credibility was improperly rejected thank you any other questions okay all right very well then this case was very interesting well argued well briefed we will take it under advisement and issue a decision in due course thank you very much both of you thank you your honor